IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MICHAEL LONGCRIER, #95052**               **PLAINTIFF**

**VERSUS**                    **CIVIL ACTION NO. 3:07-cv-110-HTW-LRA**

**ANTHONY ARMSTRONG, et al.**                **DEFENDANTS**

MEMORANDUM OPINION

Plaintiff Longcrier, an inmate of the Mississippi Department of Corrections (MDOC), incarcerated at the Central Mississippi Correctional Facility (CMCF), Pearl, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are: Anthony Armstrong, Captain at CMCF; Byron Evans, Officer at CMCF; Brenda Hinds, Case Manager at CMCF; Caprice Banks, Disciplinary Investigator at CMCF; and Calvin Hoskins, Lieutenant at CMCF.

The Plaintiff contends that he is innocent of the prison rule violation report he received on December 22, 2006, for a positive drug test. The Plaintiff states that the punishment imposed as a result of this guilty finding was re-classification to "C" custody and 90 days in "isolation/lockdown."[1] Specifically, the Plaintiff claims there was incorrect labeling at the time of testing which forced him to "sign for" two samples, including one that was not his. The Plaintiff further claims that the complained of rule violation report contained various

---

[1] MDOC has a custodial classification system based on 4 main designations, with "A" custody affording the most privileges to an inmate and "D" custody providing the least amount of privileges to an inmate. Prisoners in "C" custody are housed in close confinement as opposed to general population. *Mississippi Department of Corrections Inmate Handbook* (Rev.1999), Chapter I, pg. 4-5.

errors, including the incorrect date of the testing, which was altered at his disciplinary hearing.  The Plaintiff claims that these actions and errors by the defendants violated his constitutional rights and MDOC policy and procedure.  The Plaintiff requests that this Court order the Defendants to remove the complained of rule violation report from his file and award him monetary damages.  *Comp*. [1], p.11.

<u>Analysis</u>

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.  As discussed below, the Plaintiff's § 1983 action fails to state a claim on which relief may be granted.

It is clear that the Plaintiff does not have a constitutional right to receive a certain custodial classification while incarcerated.  *Meacham v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976);  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995)(a prison inmate does not have a protectable liberty interest in his custodial classification).  The classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention."  *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted).

At best, the Plaintiff is asserting that his rights were violated under the Due Process

Clause and the Equal Protection Clause. To invoke the protections of the Due Process Clause, the Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 32 L.Ed. 2d 418 (1995). The classification of the Plaintiff in a certain level of custody is not an "atypical and significant hardship" of prison life. The United States Court of Appeals for the Fifth Circuit applying *Sandin* has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995). The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *see also Bulger v. United States*, 65 F.3d 48, 50 (5th Cir.1995)(holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits); *see also Davis v. Carlson*, 837 F.2d 1318, 1319 (5th Cir. 1988)(prisoners do not have a constitutional right to contact visits). As such, the Court finds that Plaintiff has failed to state a viable Due Process claim regarding the complained of rule violation report and resulting reduction in his classification level.

The Plaintiff also complains that MDOC policy and procedure was violated when he was found guilty of this rule violation report. This allegation, without more, simply does not rise to a level of constitutional deprivation. *Jones v. Hudnell*, 2006 WL 3794356, at *1 (5th Cir. Dec. 19, 2006)("A violation of prison regulations, without more, does not give rise to a federal constitutional violation.") citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986). "[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996); *Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir.1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir.1986).

Likewise, to the extent the Plaintiff may be attempting to assert a violation of the Equal Protection Clause, his claim also fails. The Plaintiff's allegation that the 6 or 7 other inmates that were selected for drug testing on December 21, 2006, are also of the Caucasian race and were referred to by defendant Armstrong as "white boys," fails to rise to a level of constitutional deprivation. *See Thompson v. Patteson*, 985 F.2d 202, 207 (5th Cir. 1993). The Plaintiff does not allege that inmates of other races are not drug tested or do not receive rule violation reports for positive drug test. In sum, the Plaintiff does not allege that he was intentionally treated differently, without a rational basis for this distinction, from similarly situated inmates. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Furthermore, the prison officials efforts to keep illegal activity, i.e., drug use, out of the prison system is rationally related to security, which is a legitimate state purpose. *See McCord v. Maggio*,

910 F.2d 1248, 1251 (5th Cir.1990)(citing *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979)("[p]rison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order").  Therefore, the Plaintiff cannot maintain this action based on equal protection grounds.

It is clear that the Plaintiff does not have a constitutionally protected right to be placed in a certain custody level or general population while in prison, nor does the Plaintiff have a constitutional right to certain privileges while in prison.  The defendants decision to place the Plaintiff in a custody level different from the custody level he would choose for himself does not amount to a constitutional violation.

## CONCLUSION

In sum, the Plaintiff does not have a constitutional right to a certain custodial classification level or the privileges associated with certain custody levels while in prison. Therefore, since the Plaintiff has failed to state a claim upon which relief may be granted, this complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[2]   If the Plaintiff receives "three

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this the 27th day of August, 2007.

                                              s/ HENRY T. WINGATE
                                              CHIEF UNITED STATES DISTRICT JUDGE